UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRENCE M. MCCLAIN,

                Plaintiff,

v.                                          Case No. 3:17-cv-1022-J-34MCR

ALEYDA FERRER, et al.,

                Defendants.

_____

## ORDER

### I. Status

Plaintiff Terrence M. McClain, an inmate of the Florida penal
system, initiated this action on August 23, 2017, by filing a pro
se Civil Rights Complaint (Complaint; Doc. 1) with exhibits (Doc.
1 at 19-28) in the United States District Court for the Northern
District of Florida. The Northern District Court transferred the
case to this Court on August 29, 2017. In the Complaint, McClain
asserts claims pursuant to 42 U.S.C. § 1983 against the following
Defendants: (1) Dr. Aleyda Ferrer-Duchesne, DMD, a dentist;[1] (2)
Cynthia Lessman, a dental assistant; and (3) Dr. Charles Balbuena,
M.D., a physician. McClain contends that the Defendants violated
his federal constitutional rights when they were deliberately

_____

[1] The Court will refer to Defendant as "Ferrer." See Response
(Doc. 22); Motion to Dismiss Complaint with Prejudice (Doc. 23).

indifferent to his dental needs and deprived him of his dental records in September 2016 at Hamilton Correctional Institution (HCI). As relief, he requests declaratory and injunctive relief and monetary damages.

This matter is before the Court on Defendants Ferrer and Lessman's Motion to Dismiss Complaint with Prejudice (Motion; Doc. 23). The Court advised McClain that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 13). Plaintiff filed responses in opposition to the Motion. See Declarations in Opposition (Docs. 25, 26). Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations[2]

In his Complaint, McClain asserts that the Defendants violated his First and Eighth Amendment rights when they were deliberately indifferent to his dental needs and deprived him of his records. See Complaint at 5. As to the underlying facts of his claims, he maintains that Defendant Balbuena "excavated" too much tooth enamel

_____

[2] In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on a motion to dismiss filed by Defendants Ferrer and Lessman, the Court's recitation of the facts will focus on McClain's allegations as to these Defendants.

during a September 2016 dental procedure, and caused permanent nerve damage. Id. at 4-7. He states that Defendants Ferrer and Lessman assisted Balbuena during the procedure. See id. at 8. He avers that Balbuena saw him a few more times in an effort to "correct the damages." Id. at 7. McClain asserts that Ferrer, as Balbuena's assistant, "was responsible for passing dental tools" and observing McClain's tolerance for pain. Id. at 8. Additionally, he states that Ferrer was responsible for documenting "dental events" in his daily medical file. Id. According to McClain, Ferrer "elected to deprive Plaintiff's medical file of the factual evidence that [Balbuena] actually injured the Plaintiff: Mr. McClain." Id. He also avers that Ferrer charged him for copies of his dental records that he never received. See id. According to McClain, Lessman's actions "are exactly the same" as Ferrer's. Id. McClain asserts that he has difficulty eating and drinking due to the nerve damage caused by the dental procedure. See id. at 9. McClain avers that he needs "protective vaneer-covered guards" for his "impaired" teeth, but the Defendants refuse to provide "this required treatment." Id.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's

_World Med. Ctr., Inc._, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. _See_ _Randall v. Scott_, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. _Jackson v. Bellsouth Telecomm._, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" _Erickson v. Pardus_, 551 U.S. 89, 93 (2007) (per curiam) (quoting _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." _Twombly_, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Iqbal_, 556 U.S. at 678 (citing _Twombly_, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" _Twombly_, 550 U.S. at 555 (internal quotations omitted); _see also_ _Jackson_, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## IV. Summary of the Arguments

In the Motion, Defendants request dismissal of McClain's claims against them because McClain failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before filing this § 1983 lawsuit. See Motion at 3-7. They also maintain that McClain has failed to state plausible Eighth Amendment claims against them, see id. at 7-9, and that they are entitled to qualified immunity, see id. at 9-10. Next, they assert that the Eleventh Amendment bars McClain's claims for monetary damages against them in their official capacities. See id. at 10-11. In response to the Motion, McClain asserts that he did exhaust his administrative remedies. See Docs. 25, 26. Additionally, he maintains that he states plausible Eighth Amendment claims against the Defendants, and that they are not entitled to qualified and Eleventh Amendment immunities. See id.

## V. Exhaustion of Administrative Remedies

### 1. Exhaustion under the PLRA

Exhaustion of available administrative remedies is required before a § 1983 action with respect to prison conditions may be initiated by a prisoner. See 42 U.S.C. § 1997e(a). Nevertheless, a prisoner such as McClain is not required to plead exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized "failure to exhaust is an affirmative defense under the PLRA[.]" Id. Notably, exhaustion of available

administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA.  <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir. 2008); <u>Jones</u>, 549 U.S. at 211; <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Not only is there an exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." <u>Woodford</u>, 548 U.S. at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits)." <u>Pozo</u>,[4] 286 F.3d, at 1024. . . .

<u>Woodford</u>, 548 U.S. at 90. And, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." <u>Id.</u> As such, the United States Supreme Court has emphasized:

> Courts may not engraft an unwritten "special circumstances" exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are "available."

---

[4] <u>Pozo v. McCaughtry</u>, 286 F.3d 1022 (7th Cir. 2002).

<u>Ross v. Blake</u>, 136 S.Ct. 1850, 1862 (2016).

Although proper exhaustion is generally required, a remedy must be "available" before a prisoner is required to exhaust it. <u>Turner v. Burnside</u>, 541 F.3d 1077, 1084 (11th Cir. 2008); <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1323 (11th Cir. 2007). An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief. <u>See</u> <u>Ross</u>, 136 S.Ct. at 1860.

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss, or be treated as such if raised in a summary judgment motion. <u>Bryant</u>, 530 F.3d at 1374-75 (citation omitted). The Eleventh Circuit has explained the two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. <u>See</u> <u>Turner</u>, 541 F.3d at 1081. In <u>Turner v. Burnside</u> we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. <u>Id.</u>

> Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082-83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015); see Pavao v. Sims, 679 F. App'x 819, 823-24 (11th Cir. 2017) (per curiam).

**2. Exhaustion under Florida's Prison Grievance Procedure**

The Florida Department of Corrections (FDOC) provides an internal grievance procedure for its inmates. See FLA. ADMIN. CODE r. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step sequential process. First, an inmate must submit an informal grievance to a designated staff member at the institutional level. See FLA. ADMIN. CODE r. 33-103.005. If the issue is not resolved, the inmate must submit a formal grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.006. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the FDOC. See FLA. ADMIN. CODE r. 33-103.007.

However, under specified circumstances, an inmate can bypass the informal-grievance stage and start with a formal grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.005(1); 33-103.006(3). Or, an inmate can completely bypass the institutional

level and proceed directly to the Office of the Secretary of the FDOC by filing a "direct grievance." <u>See</u> FLA. ADMIN. CODE r. 33-103.007(3). Emergency grievances and grievances of reprisal[5] are types of "direct grievances" that may be filed with the Office of the Secretary. <u>See</u> FLA. ADMIN. CODE r. 33-103.007(3)(a). In a direct grievance to the Secretary, the inmate "must clearly state the reason for not initially bringing the complaint to the attention of institutional staff and by-passing the informal and formal grievance steps of the institution or facility . . . ." FLA. ADMIN. CODE r. 33-103.007(3)(a)2. If the Secretary determines that the grievance does not qualify as one of the types of direct grievances described in the rule, the grievance must be returned to the inmate, stating the reasons for its return and advising the inmate to resubmit the grievance at the appropriate level. <u>See</u> FLA. ADMIN. CODE r. 33-103.007(3)(d). If the grievance is returned to the institution or facility for further investigation or a response, the inmate may, after receiving the response, re-file with the Secretary if he is not satisfied with the response. <u>See</u> FLA. ADMIN. CODE r. 33-103.007(8).

---

[5] Rule 33-103.002(9) defines a grievance of reprisal as "[a] grievance submitted by an inmate alleging that staff have taken or are threatening to take retaliatory action against the inmate for good faith participation in the inmate grievance procedure." FLA. ADMIN. CODE r. 33-103.002(9).

Florida Administrative Code Rule 33-103.011 provides time frames for submission of grievances. Generally, the following time limits are applicable. Informal grievances must be received within twenty days from the date on which the incident or action that is the subject of the grievance occurred. <u>See</u> FLA. ADMIN. CODE r. 33-103.011(1)(a). Formal grievances must be received no later than fifteen days from the date of the response to the informal grievance. <u>See</u> FLA. ADMIN. CODE r. 33-103.011(1)(b). Similarly, grievance appeals to the Office of the Secretary must be received within fifteen days from the date the response to the formal grievance is returned to the inmate. <u>See</u> FLA. ADMIN. CODE r. 33-103.011(1)(c). Rule 33-103.011(2) provides:

> An extension of the above-stated time periods shall be granted when it is clearly demonstrated by the inmate to the satisfaction of the reviewing authority as defined in paragraphs 33-103.002(15)((b) and (c), F.A.C., or the Secretary that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner. The granting of such an extension shall apply to the filing of an original grievance or when re-filing a grievance after correcting one or more deficiencies cited in rule 33-103.014, F.A.C.

FLA. ADMIN. CODE r. 33-103.011(2). Additionally, Rule 33-103.011(4) states:

> The time limit for responding to grievances and appeals may be extended for a reasonable period agreeable to both parties if the extension is agreed to in writing by the inmate. Unless the grievant has agreed in

writing to an extension, expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process. If this occurs, the complainant must clearly indicate this fact when filing at the next step. If the inmate does not agree to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies. The Bureau of Policy Management and Inmate Appeals will nevertheless ensure that the grievance is investigated and responded to even though an extension has not been agreed to by the inmate.

FLA. ADMIN. CODE r. 33-103.011(4).

According to Rule 33-103.014, an informal grievance, formal grievance, direct grievance, or grievance appeal "may be returned to the inmate without further processing if, following a review of the grievance, one or more ... conditions are found to exist." FLA. ADMIN. CODE r. 33-103.014(1). The rule provides an enumerated list as "the only reasons for returning a grievance without a response on the merits." <u>See</u> FLA. ADMIN. CODE r. 33-103.014(1)(a)-(y). Some of the reasons for returning a grievance are as follows: the grievance "addresses more than one issue or complaint" or "is so broad, general or vague in nature that it cannot be clearly investigated, evaluated, and responded to" or "is not written legibly and cannot be clearly understood" or is a supplement to a previously-submitted grievance that has been accepted for review; and the inmate "did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not

acceptable," or "used more than two (2) additional narrative pages." See FLA. ADMIN. CODE r. 33-103.014(1)(a), (b), (c), (f), (q), (t).

### 3. McClain's Exhaustion Efforts

Defendants Ferrer and Lessman maintain that McClain failed to exhaust his administrative remedies as to the claims against them before filing this § 1983 lawsuit. See Motion at 3-7. In support of their position, they refer to the exhibits McClain attached to the Complaint. See id. at 3-4 (citing Doc. 1 at 19-28). As an attachment, McClain submitted a Request for Administrative Remedy or Appeal (Log #1704-215-050, dated April 3, 2017) to the Warden on April 4, 2017. See Doc. 1 at 20. In this formal grievance, McClain stated, in pertinent part:

> 33-103.008 Grievances of Medical/Dental Nature which should be forwarded to the institution's Chief Health Officer or Clinical designee[.] Back in September of 2016 I had some dental work [done] to one of my teeth[.] I request[ed] ... my dental records and sign[ed] for them two months ago so I could give you [a]ll the correct dates and the exact teeth but I never rec[ei]ve[d] my records[.] [B]ut the issue containing a t[oo]th that was no problem in my mouth and the dentist said I needed a filling which she dug[] to[o] much enamel out [of] my teeth and caused per[manent] nerve damage in my mouth[.] I have eight gold crowns that's teeth shoved under the crowns that she triggered the nerves under my gold crowns[.] I can't eat or drink nothing cold or hot[.] They hurt when air hit[s] my teeth[.] I can't chew nothing hard on but one side of my mouth[.] [B]efore she worked on my mouth there was nothing wrong with my teeth[.] I never ask[ed] for [any] work to be done to

13

> my teeth[.] [T]he dentist just put me on the
> call out and say I'm there for a filling[.]
> [S]o I'm asking the Wardens . . . and the
> Chief Health Officer to get an[] outside
> dentist to fix all nine teeth that's nerve
> damage[d] with v[e]neers so they can cover the
> thin[n]ing of my teeth so my nerves can't feel
> anything I put in my mouth[.] I am a ward to
> the state under the 14th Amendment of blood
> and flesh which the State of Florida at
> Hamilton Correctional Institution agents are
> the overseers of me getting proper medical and
> dental which is cruel and unusual punishment
> under my civil rights or otherwise I would
> have to take actions into federal court. . . .

Id. Dr. C. Balbuena, M.D., an HCI physician, denied the grievance on April 17, 2017, stating in pertinent part:

> Your request for administrative remedy was
> received at Hamilton CI Medical department and
> it was carefully evaluated. Records available
> to this office were also reviewed. If you are
> experiencing tooth pain you have the option to
> access the Dental sick call system or declare
> an inmate emergency at your discretion.
>
> Based on the foregoing information, your
> grievance is denied.

Id. at 19. McClain submitted an appeal to the FDOC Secretary on April 25, 2017 (Log #17-6-17832, dated April 20, 2017). See id. at 21, 23. Health Services Director Tom Reimers denied McClain's appeal on May 24, 2017, stating in pertinent part:

> Your request for administrative remedy was
> received at this office and it was carefully
> evaluated. Records available to this office
> were also reviewed.
>
> In addition, the institution was contacted and
> they provided this office with information
> regarding the issues you presented.

14

It is determined that the response made to you
by Dr. Balbuena on 4/17/17 appropriately
addresses the issues you presented.

It is the responsibility of your dental staff
to determine the appropriate treatment regimen
for the condition you are experiencing.

Reviewed records indicate that you refused all
remaining dental care on 5/9/17. Please be
advised that when an inmate refuses treatment
and/or a scheduled appointment, he must take
on some of the responsibility for any adverse
effects that may occur.

Should you experience problems, sick call is
available so that you may present your
concerns to your health care staff.

Id. at 22.

As to the initial step in the two-part process for deciding

motions to dismiss for failure to exhaust under the PLRA, the

Eleventh Circuit has instructed:

District courts first should compare the
factual allegations in the motion to dismiss
and those in the prisoner's response and,
where there is a conflict, accept the
prisoner's view of the facts as true. "The
court should dismiss if the facts as stated by
the prisoner show a failure to exhaust." Id.[6]

Pavao, 679 F. App'x at 823-24. McClain asserts that he exhausted

his administrative remedies as to his claims against Defendants

Ferrer and Lessman when he submitted the April 4, 2017 formal

grievance and April 25, 2017 appeal. See Docs. 25 at 2, 4, 7; 26 at

1-3. Here, accepting McClain's view of the facts as true, a

_____

[6] Whatley, 802 F.3d at 1209.

15

dismissal of the claims against Defendants Ferrer and Lessman for lack of exhaustion is not warranted. The Court will proceed to the second step in the two-part process where the Court considers the Defendants' arguments regarding exhaustion and makes findings of fact.

First, Defendants argue that McClain failed to comply with the time frame in Florida Administrative Code Rule 33-103.011. See Motion at 6. The rule provides that formal grievances (such as medical grievances that bypass the informal grievance step) must be received no later than fifteen days from the date on which the incident being grieved occurred. See FLA. ADMIN. CODE r. 33-103.011(1)(b)2. In response, McClain asserts that he had three dental call-outs after the September 2016 visit, and initiated the administrative review process in April 2017, after giving the dental department five months to remedy the problem. See Doc. 26 at 3. Notably, Dr. Balbuena addressed the merits of McClain's formal grievance, see Doc. 1 at 19, and Health Services Director Reimers denied the appeal on its merits, see id. at 22. Because Dr. Balbuena and Director Reimers addressed the merits of McClain's complaint, Defendants' timeliness challenge fails.

A court cannot enforce a procedural bar that the prison may have waived. See Whatley v. Smith, 898 F.3d 1072, 1084 (11th Cir. 2018) (holding "that a prison waives its procedural objections to considering the merits of a grievance, and therefore waives its

16

exhaustion defense, if it does not <u>explicitly</u> rely on the grievance's procedural shortcomings as an adequate and independent ground for denying the grievance at the administrative level"). Neither of the grievance responses declined to address the merits based on untimeliness. Therefore, because neither Dr. Balbuena nor Director Reimers relied on any procedural shortcomings in denying McClain's April 4th grievance and April 25th appeal, <u>see</u> Doc. 1 at 19, 22, Defendants cannot establish a failure to exhaust by pointing to the alleged untimeliness of McClain's grievance efforts.

Next, Defendants maintain that neither grievance identifies Ferrer and Lessman nor addresses McClain's claims against them. <u>See</u> Motion at 4, 6-7. McClain acknowledges that he did not identify Ferrer and Lessman by name in his grievances. <u>See</u> Docs. 25 at 2; 26 at 2. Notably, the PLRA does not mandate that a prisoner name a particular individual (who is later sued) in a grievance in order to properly exhaust his claim. <u>See</u> <u>Jones</u>, 549 U.S. at 219 (stating "exhaustion is not <u>per</u> <u>se</u> inadequate simply because an individual later sued was not named in the grievances"); <u>Parzyck v. Prison Health Servs.</u>, 627 F.3d 1215, 1218-19 (11th Cir. 2010); <u>see</u> <u>also</u> <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hile § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require that he do more than that."). Indeed,

section 1997e(a)'s exhaustion requirement is designed "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued ...." <u>Jones</u>, 549 U.S. at 219 (quoting <u>Johnson v. Johnson</u>, 385 F.3d 503, 522 (5th Cir. 2004)).

In the instant action, McClain asserts that he tried to obtain his dental records to identify the dental personnel, but was unable to get copies of his records. <u>See</u> Complaint at 5; Doc. 1 at 25-26, 28; Doc. 25 at 8; Doc. 26 at 3, 8. Section 1997e(a) requires that prisoners complete the administrative review process in compliance with the prison's grievance procedures, so there is "time and opportunity to address complaints internally before allowing the initiation of a federal case." <u>Woodford</u>, 548 U.S. at 93 (citations and quotation marks omitted). Moreover, Florida's grievance procedure does not require that a prisoner identify each individual that he may later sue if the issue is not internally resolved. <u>See</u> Fla. Admin. Code r. 33-103.014 (stating the reasons for returning a grievance without a response on the merits). Here, although McClain failed to identify Ferrer and Lessman, the grievances accomplished § 1997e(a)'s purpose by alerting the prison to McClain's dental issues and giving dental personnel an opportunity to resolve the issues before he initiated a lawsuit. Thus, McClain sufficiently exhausted the claims in this action, and Defendants'

Motion is due to be denied as to their assertions that McClain failed to properly exhaust his claims against them.

## VI. Eighth Amendment Deliberate Indifference Claim

McClain asserts that Defendants Ferrer and Lessman violated his Eighth Amendment right when they were deliberately indifferent to his dental needs. He avers that Ferrer and Lessman, as Dr. Balbuena's assistants, helped Balbuena during a September 2016 dental procedure. McClain maintains that Ferrer passed the dental tools to Balbuena, monitored McClain's pain tolerance, failed to properly document his dental records, and charged him for copies that he never received. According to McClain, Lessman's actions were the same as Ferrer's. Defendants maintain that "[t]he only allegations directed at Ferrer and Lessman are that they handed dental tools to Dr. Balbuena and observed him provide allegedly inappropriate dental care." Motion at 8.

The Eleventh Circuit has explained the requirements for a claim of constitutionally inadequate care:

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." <u>Farmer</u>, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[7] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. <u>Id.</u> However, as noted above, only those conditions which objectively amount to an "extreme deprivation"

---

[7] <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

> violating contemporary standards of decency
> are subject to Eighth Amendment scrutiny.
> <u>Hudson</u>, 503 U.S. at 8-9, 112 S.Ct. at 1000.[8]
> Furthermore, it is only a prison official's
> subjective deliberate indifference to the
> substantial risk of serious harm caused by
> such conditions that gives rise to an Eighth
> Amendment violation. <u>Farmer</u>, 511 U.S. at 828,
> 114 S.Ct. at 1974 (quotation and citation
> omitted); <u>Wilson</u>, 501 U.S. at 303, 111 S.Ct.
> at 2327.[9]

<u>Thomas v. Bryant</u>, 614 F.3d 1288, 1306-07 (11th Cir. 2010). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered
> 'one that has been diagnosed by a physician as
> mandating treatment or one that is so obvious
> that even a lay person would easily recognize
> the necessity for a doctor's attention.'" <u>Id.</u>
> (citing <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>,
> 40 F.3d 1176, 1187 (11th Cir. 1994)). In
> either case, "the medical need must be one
> that, if left unattended, pos[es] a
> substantial risk of serious harm." <u>Id.</u>
> (citation and internal quotations marks
> omitted).

---

[8] <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992).

[9] <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).

Brown, 387 F.3d at 1351. Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245); Lane v. Philbin, 835 F.3d 1302, 1308 (11th Cir. 2016) (setting forth the three components) (citing Farrow, 320 F.3d at 1245).

> In Estelle[10], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[11] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

---

[10] Estelle v. Gamble, 429 U.S. 97 (1976).

[11] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

> conduct that is more than mere negligence."
> McElligott, 182 F.3d at 1255; Taylor,[12] 221
> F.3d at 1258 (stating that defendant must have
> subjective awareness of an "objectively
> serious need" and that his response must
> constitute "an objectively insufficient
> response to that need").

Farrow, 320 F.3d at 1245-46. Even reading McClain's Complaint liberally, as this Court must do, he fails to provide sufficient facts to state a cognizable Eighth Amendment claim against Defendants Ferrer and Lessman.

As to any complaints about Defendants Ferrer and Lessman's negligent acts and unprofessional conduct in providing allegedly substandard dental care as they assisted Dr. Balbuena, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam) (quotation marks and citation omitted). While Plaintiff's allegations may suggest medical or dental malpractice,

---

[12] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

"[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle, 429 U.S. at 106). Consequently, the allegedly negligent conduct of Ferrer and Lessman about which McClain complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action. Thus, Defendants' Motion is due to be granted as to McClain's Eighth Amendment claim against them.[13]

## VII. Sua Sponte Frivolity Review

The Court will conduct an independent frivolity review of McClain's First Amendment claim against Defendants Ferrer and Lesser. The PLRA requires the Court to dismiss a claim at any time if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A. In making this determination, the Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include

_____

[13] For this same reason, Defendants' invocation of their right to qualified immunity would provide an alternative basis for dismissal.

claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175 (citation omitted); Richardson, 598 F.3d at 737 (citations omitted). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or

violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

McClain asserts that Defendants Ferrer and Lessman violated his First Amendment right when they deprived him of copies of his dental records. See Complaint at 5. The Court observes that McClain submitted several grievances requesting copies. On February 22, 2017, McClain submitted an inmate request to the dental department, stating he needed a copy of his dental records. See id. at 25. On February 24, 2017, Lessman responded that he "may request copies through the medical department." Id. On March 2, 2017, McClain submitted an inmate request to the medical department for a copy of his dental records. See id. at 26. The medical department responded on March 6th, advising that McClain should wait for his call-out appointment and that each copy would cost fifteen cents. See id. at 24, 26. On August 5, 2017, McClain submitted an inmate request to review his dental records. See id. at 28. The dental department advised him that he should send a request to the medical department so he could be placed on a call-out. See id.

To the extent McClain asserts that Defendants Ferrer and Lessman interfered with his right to submit grievances and/or initiate a lawsuit when they failed to provide him with copies of his dental records, such allegations fail to state a First Amendment right. McClain fails to explain how depriving him of medical records implicates the First Amendment. Liberally

construing his Complaint as the Court must, the Court surmises that McClain asserts Defendants deprived him of the records to prevent him from pursuing a claim against them.

It is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); see Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). To state a claim for denial of access to the courts, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354-57; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010).

Here, McClain fails to assert that Defendants' conduct resulted in an "actual injury," as defined by the Eleventh Circuit. While McClain may have encountered some difficulties and delay in

26

attempting to obtain copies of his dental records, he has not provided any facts suggesting that Defendants' conduct frustrated or impeded his ability to submit grievances and/or initiate a civil rights action. As the record reflects, the grievance procedure was available to him. He initiated the administrative review process on April 4, 2017, after giving the dental department several months to remedy his dental issues, and the prison addressed his grievances on the merits. According to McClain, he submitted his grievance and appeal without his dental records. See Doc. 26 at 3 ("Medical still refusing plaintiff his dental records as of 5-9-18."). Months later on August 23, 2017, he initiated the instant civil rights action. McClain's exhibits, attached to the Complaint, reflect that neither Ferrer nor Lessman interfered with his requests for copies. In fact, Lessman advised McClain how to obtain copies from the medical department. Thus, McClain's First Amendment claim against Defendants Ferrer and Lessman will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because he has failed to adequately allege a legally-sufficient injury to state an access-to-the-courts claim against them.

Therefore, it is now

**ORDERED**:

1. Defendants Ferrer and Lessman's Motion to Dismiss Complaint with Prejudice (Doc. 23) is **PARTIALLY GRANTED** as to McClain's Eighth Amendment claims against them. The Motion is

**DENIED** as to Defendants' exhaustion arguments. Because McClain's claims are due to be dismissed for failure to state a claim and frivolity, the Court need not address Defendants' Eleventh Amendment immunity argument. Any remaining portions of the Motion are **DENIED as moot.**

2.     Plaintiff's First and Eighth Amendment claims against Defendants Ferrer and Lessman are **DISMISSED.** The Clerk shall terminate them as Defendants.

3.     Plaintiff's Eighth Amendment claim against Defendant C. Balbuena remains. <u>See</u> Order (Doc. 32) (directing the United States Marshal's Office to re-serve Defendant Balbuena), filed May 24, 2019.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of May, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 5/29
c:
Terrence M. McClain, FDOC #X15484
Counsel of Record